No. 04-713

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 300N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JAMES MICHAEL WARREN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark, Cause No. ADC 2003-312,
                      The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Martin J. Eveland and Jeremy Gersovitz, Assistant Public Defenders,
                Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Joslyn M. Hunt, Assistant
                Attorney General, Helena, Montana

                Leo Gallagher, Lewis and Clark County Attorney; Carolyn Clemens
                and Tara Harris, Deputy County Attorneys, Helena, Montana

             Submitted on Briefs:  September 20, 2005

                       Decided:  November 29, 2005

Filed:

_____
                     Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     James Michael Warren (Warren) appeals from his jury conviction in the First Judicial District Court, Lewis and Clark County, of two counts of assault with a weapon, in violation of § 45-5-213(1)(b), MCA, and one count of criminal mischief, in violation of § 45-6-101, MCA.  Warren raises two issues on appeal.  First, Warren alleges that he was denied his right to a fair trial because discussion of the later dismissed charge of carrying a concealed weapon occurred during voir dire.  Second, Warren alleges that the District Court erred in not dismissing the charge of criminal mischief because the State did not elicit testimony from anyone that Warren inflicted damage to the victim's property without consent.  We affirm the judgment of the District Court.

¶3     Warren moved for a mistrial on the basis of the discussion of the dismissed charge of carrying a concealed weapon during voir dire.  Warren claimed prejudice from the discussion of the concealed weapons charge that was dismissed during the trial. The District Court denied this motion, noting that a curative instruction was given and that the final instructions did not mention that charge.

¶4     After the State finished presenting its case, Warren moved for a directed verdict as to the criminal mischief charge.  Warren argued that the State had failed to show that the

owner did not consent to the damage done to the trailer, a necessary element of the crime. The District Court denied this motion as well.

¶5 We have determined to decide this case according to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. This Court has previously explained that a District Court's determination of whether to grant a motion for a mistrial must be based on whether the defendant has been denied a fair and impartial trial, and we review the District Court's determination for an abuse of discretion. *State v. Kennedy*, 2004 MT 53, ¶ 14, 320 Mont. 161, ¶ 14, 85 P.3d 1279, ¶ 14. This Court reviews a District Court's denial of a motion for directed verdict in a criminal case for an abuse of discretion, and no abuse of discretion results where sufficient evidence exists for the trier of fact to find the elements of the charged offense beyond a reasonable doubt. *State v. Grindheim*, 2004 MT 311, ¶ 16, 323 Mont. 519, ¶ 16, 101 P.3d 267, ¶ 16.

¶6 The Court concludes that the curative instruction offered by the District Court sufficiently cured any possible prejudice. As the other three charges dealt with Warren's use of an axe, rather than a concealed knife, we fail to see how Warren could have suffered prejudice from the voir dire discussion. Finally, Warren provides no showing of prejudice.

¶7 In arguing that the criminal mischief charge had to be dismissed, Warren makes much of the fact that the owner of the trailer, while testifying, never mentioned that she did not consent to Warren causing damage to her trailer. While this point lacks direct evidence, there is plenty of circumstantial evidence, and this Court has previously explained that "[a] criminal conviction may be based entirely on circumstantial evidence." *State v. Field*, 2005

3

MT 181, ¶ 18, 328 Mont. 26, ¶ 18, 116 P.3d 813, ¶ 18 (quoting *State v. Vukasin,* 2003 MT 230, ¶ 20, 317 Mont. 204, ¶ 20, 75 P.3d 1284, ¶ 20). In the present case, there was testimony that the owner of the damaged trailer heard banging on the night of the incident which woke her up, the damage caused to the trailer was consistent with the use of an axe, multiple people saw Warren carrying the axe on the night of the incident, and the axe was found hanging from a window of the trailer. This evidence connects Warren to the axe, suggests that the axe caused the damage, and suggests that the owner of the trailer did not consent to the damage. Also, had the owner consented to having someone chop up the side of her trailer with an axe, she likely would not have felt the need to call her daughter, who lived close by, to try and figure out what was going on. Substantial circumstantial evidence suggests that the damage occurred without the owner's consent, making it possible for the jury to find beyond a reasonable doubt that the owner did not consent to the damage.

¶8     We affirm the judgment of the District Court.


                                                    /S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE